UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

GABRIEL BRAVO VEGA,
          Petitioner,

      v.                                     **Case No. 26-cv-1081**

SHERIFF DALE J. SCHMIDT, et al.,
          Respondents.
_____

## DECISION AND ORDER

Gabriel Bravo Vega commenced this action under 28 U.S.C. § 2241 challenging his detention by U.S. Immigration and Customs Enforcement ("ICE") in Juneau, Wisconsin. He alleges that he was wrongly classified as subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). On July 1, 2026, I ordered the United States to answer and show cause why Bravo Vega's petition should not be granted. For the reasons that follow, the petition for a writ of habeas corpus is granted.

### I. BACKGROUND

Petitioner is a Mexican national who first entered the United States without inspection in 2003. His most recent entry was in 2017, also without inspection. Since that time, petitioner has lived in the United States with his wife and two children, ages 17 and 19, and operated a construction business to provide for his family.

On May 28, 2026, petitioner was apprehended by ICE officers in Milwaukee following a traffic stop. He was served with an administrative arrest warrant, taken into custody, and placed in removal proceedings for being present in the United States without having been inspected, admitted, or paroled. Petitioner is currently being held in the Dodge County Detention Facility.

## II. DISCUSSION

Petitioner argues that the government is unlawfully categorizing his detention as pursuant to 8 U.S.C. § 1225, which mandates detention pending immigration proceedings, rather than pursuant to 8 U.S.C. § 1226(a), which provides for individualized custody terminations and the possibility of release on bond. He further charges that this is not only a violation of the Immigration and Nationality Act, but also the Fifth Amendment's Due Process Clause. He argues that he is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2) because he is not an "applicant for admission" who is "seeking admission." *See* § 1225(b)(2)(A) (stating that any noncitizen "applicant for admission" who is "seeking admission" but is deemed inadmissible "shall be detained" for removal proceedings). To the contrary, he contends that his detention must be pursuant to 8 U.S.C. § 1226(a), which allows for release on bond, because he was arrested far away from the border and many years after his entry into the country.

Respondents argue that petitioner is correctly classified as an "applicant for admission" under 8 U.S.C. § 1225(b)(2) because he is a noncitizen "present in the United States who has not been admitted." § 1225(a)(1). Moreover, because he "is not clearly and beyond a doubt entitled to be admitted," his detention pending removal proceedings is mandatory. § 1225(b)(2)(A).

I have previously held that mandatory detention under § 1225(b)(2)(A) applies only to noncitizens who are both "applicants for admission" and are apprehended while actively "seeking admission"—proximate in time and place to their most recent entry or attempted entry. *See López de la Cruz v. Schmidt*, Case No. 25-CV-1562-LA (E.D. Wis. Nov. 19, 2025). Since then, the Seventh Circuit decided *Castañon-Nava v. U.S. Dept. of*

2

*Homeland Security*, No. 25-3050, 175 F.4th 828 (7th Cir. 2026). In that case, one Seventh Circuit judge agreed with my prior decision, opining that § 1225 applies only to noncitizens who present themselves for lawful admission at the border or a port of entry, *see* 175 F.4th at 856 (Lee, J.), one judge opined that § 1225 also applies to applicants for admission arrested in the interior of the country, *see* 175 F.4th at 877 (Kirsch, J.), and one judge expressly declined to decide the issue, *see* 175 F.4th at 857 (Pryor, J.). This leaves me with no more direction or binding authority than I previously had.

Respondents are right to point out that this means the Seventh Circuit's preliminary opinion in *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, which agreed with my perspective, is less persuasive. 161 F.4th 1048, 1061–62 (7th Cir. 2025). However, respondents have not identified any facts that distinguish this case from *López de la Cruz*, Case No. 25-CV-1562-LA (E.D. Wis. Nov. 19, 2025), an opinion I rendered before the preliminary opinion in *Castañon-Nava*. Thus, while the law in this area remains decidedly unsettled, I am unpersuaded that I should stray from my past reasoning.

Lastly, petitioner requested that any bond hearing I order should require the Government to bear the burden of justifying his continued detention by clear and convincing evidence. Pet., Prayer for Relief, ¶ c. There is a circuit split, which neither the Supreme Court nor the Seventh Circuit have weighed in on, as to who holds the burden of proof and what the burden of proof is in setting bail conditions during immigration proceedings. *See Calvette Chirinos v. Olson*, No. 26-cv-369, 2026 WL 1724667, at *4–5 (E.D. Wis. June 12, 2026). I recently applied the *Mathews v. Eldridge*, 424 U.S. 319 (1976), factors and found that in bond hearings pertaining to immigration detainees, the government must show dangerousness by clear and convincing evidence and a risk of

flight by a preponderance of the evidence to continue detention. *Id*. at *6–7. As there have been no changes to the legal landscape nor any salient factual distinction between that case and this one, I will once again order the same standard.

### III. CONCLUSION

**IT IS ORDERED** that the petition for a writ of habeas corpus is **GRANTED**. Petitioner must be afforded a bond hearing pursuant to 8 U.S.C. § 1226(a) within 10 days of this order. At the bond hearing, the government shall bear the burden of proof in showing danger to persons or property by clear and convincing evidence, and on the likelihood to appear in future proceedings by a preponderance of the evidence. The Clerk will enter final judgment.

Dated at Milwaukee, Wisconsin, this 14th day of July, 2026.

/s/ Lynn Adelman
LYNN ADELMAN
United States District Judge

4